969 A.2d 1170 (2009)
407 N.J. Super. 148
STATE of New Jersey, Plaintiff-Appellant,
v.
George L. ROBBINS, Defendant-Respondent.
No. A-0365-08T4.
Superior Court of New Jersey, Appellate Division.
Submitted April 22, 2009.
Decided May 18, 2009.
*1171 Wayne J. Forrest, Somerset County Prosecutor, for appellant (Anthony J. Parenti, Jr., Assistant Prosecutor, on the brief).
Yvonne Smith Segars, Public Defender, for respondent (Lon Taylor, Assistant Deputy Public Defender, on the brief).
Before Judges STERN, RODRÍGUEZ and ESPINOSA.
The opinion of the court was delivered by
STERN, P.J.A.D.
The State appeals from an order entered on August 28, 2008, enrolling defendant into the Somerset County Pretrial Intervention ("PTI") Program over the Prosecutor's objection.[1] Because the notice of appeal was not filed until September 22, 2008, over fifteen days after the order was entered and filed,[2] defendant moved to dismiss the appeal, and we ordered that the motion be fully briefed and decided with the State's appeal. We now dismiss the appeal.
In State v. Nwobu, 139 N.J. 236, 241, 652 A.2d 1209 (1995), the Law Division admitted defendant into a PTI program over the rejection of the PTI director and objection of the Prosecutor. We granted leave to appeal, but the State never requested a stay of the enrollment pending the appeal. Id. at 242, 652 A.2d 1209. As a result, defendant moved to dismiss the appeal on grounds of double jeopardy after successfully completing the program while the appeal was still pending. Ibid.
We denied the motion and reversed the order of enrollment, and the Supreme Court granted leave to appeal. Ibid. While the Court found that defendant had no "reasonable expectation of finality," and rejected defendant's claim of double jeopardy by virtue of his completion of the PTI program, the matter was referred to the Criminal Practice Committee to study the issue and recommend rule changes which would "avoid repetition of these circumstances." Id. at 257-58, 652 A.2d 1209.
In its 1994-1996 term report, the Committee recommended amendments of the Rules "to provide for an automatic stay" pending appeal[3] and that the defendant be so advised so that there would be no expectation of finality and no possible preclusion of an appeal by his or her participation in the PTI program. See Report of the Committee on Criminal Practice 1994-96 Term, 143 N.J.L.J. 640, Supp. 16 (Feb. 19, 1996). See also State v. Ryan, 86 N.J. 1, 8-14, 429 A.2d 332, cert. denied, 454 U.S. 880, 102 S.Ct. 363, 70 L.Ed.2d 190 (1981) (stay of sentence pending appeal of the State required to prevent partial execution and double jeopardy); R. 2:9-3(d) (stay following appeal by the State); R. 2:9-10.
Rule 2:2-3(a)(3) now provides that "[f]inal judgments of a court, for appeal *1172 purposes, shall also include those referred to by R. 3:28(f) (order enrolling defendant into the pretrial intervention program over the objection of the prosecutor)." Consistent therewith, Rule 3:28(f) was amended to provide in pertinent part: "[a]n order enrolling a defendant into the pretrial intervention program over the prosecutor's objection shall be deemed final for purposes of appeal, as of right, and shall be automatically stayed for fifteen days following its entry and thereafter pending appellate review." At the same time, Rule 2:9-3(e) was adopted on June 28, 1996, effective September 1, 1996, and provides:
(e) Stay of Order of Enrollment in a Pretrial Intervention Program. An order of the trial court enrolling a defendant into a pretrial intervention program over the objection of the prosecutor shall be automatically stayed for fifteen days following the date of its entry, and if the prosecutor files a notice of appeal within said fifteen-day period, during the pendency of the appeal.
The import of these Rules is that the State must appeal from an order enrolling defendant into PTI over the prosecutor's objection within fifteen days in order to challenge such orders, which are appealable as of right but on an accelerated basis.
As the State's appeal was not filed within the fifteen-day time limit, the State has not satisfied the requirements necessary to prevent the preclusionary effect of enrollment. The record before us includes no stay of program participation. To the contrary, the record contains an "order of postponement" entered on October 8, 2008, which, somewhat surprisingly, states in pre-printed language:
In accordance with the provisions of N.J.S.A. 2C:43-12 & 13 & R. 3:28, and upon the recommendation of the PTI Director and with the consent of the Prosecutor and defendant to the attached listed terms and conditions of the supervisory treatment, it is ORDERED that all further proceedings be and are postponed for a period of 36 months beginning Aug. 28, 2008.
The order also has the following language added by hand:
This Order of Postponement is entered pursuant to the Order of Hon. Julie Marino dated 8/28/08 and attached hereto.
Clearly, the October 8, 2008, order cannot be the one deemed to commence the fifteen-day period. It expressly refers to the program period, commencing August 28, 2008, as the date of the order overruling the Prosecutor's objection and enrolling defendant into the program. Further, the aforementioned Rules refer to the order of enrollment over the Prosecutor's objection. Moreover, the Prosecutor's notice of appeal was dated September 17, 2008, and filed September 22, 2008, weeks before the October 8, 2008, order and the State appeals from the order of August 28, 2008.
As the defendant had an expectation of finality because the notice of appeal was not timely filed to prevent a preclusion by virtue of defendant's participation in the PTI program, the appeal is dismissed.
NOTES
[1] The order read that "Defendant's appeal of his Pretrial Intervention rejection is GRANTED and Defendant shall be enrolled in the Somerset County Pretrial Intervention Program."
[2] The order was "prepared by the court" and filed the same day.
[3] As the report provides, the original recommendation was for a stay pending a motion for leave to appeal, but ultimately the recommendation was to treat the interlocutory order as final for purposes of appealability.